IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NAFEESA HILL, on behalf of herself and similarly situated employees, | : : | CIVIL ACTION |
| Plaintiff, | : | NO. _____ |
| v. | : : | |
| SRM ENTERPRISES, LLC, | : | |
| Defendant. | : : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

### INTRODUCTION

1. Plaintiff Nafeesa Hill ("Plaintiff") worked as an exotic dancer at Vanity Grand Cabaret, a Southeast Philadelphia club owned an operated by Defendant SRM Enterprises, LLC ("Defendant"). In this "hybrid" class/collective lawsuit, Plaintiff alleges that Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, et seq., and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, et seq.

2. Defendant will try to escape liability by asserting that Plaintiff and other dancers are not "employees" and, therefore, are not covered by the above statutes. As this Court has observed, however, the assertion that exotic dancers are not employees has been rejected "'nearly without exception'" in courthouses throughout the Nation. Verma v. 3001 Castor, Inc., 2014 U.S. Dist. LEXIS 88459, *17 n. 5 (E.D. Pa. June 30, 2014) (Brody, J.) (citing cases and quoting Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 912-13 (S.D.N.Y. 20013)); see, e.g., McFeeley v. Jackson Street Entertainment, LLC, 825 F.3d 235 (4th Cir. 2016) (affirming judgment against adult entertainment club). Plaintiff respectfully submits that in this case – as in other cases – the Court should find her and her coworkers to be covered by federal and state

1

wage laws.

## JURISDICTION AND VENUE

3. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction over the PMWA and PWPCL claims is proper under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff currently resides in Philadelphia, PA.

7. Plaintiff is an employee covered by the FLSA, PMWA, and PWPCL.

8. Defendant is a corporate entity headquartered in Philadelphia, PA.

9. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

10. Defendant is an employer covered by the FLSA, PMWA, and PWPCL.

## FACTS

11. Defendant currently owns and operates the Vanity Grand Cabaret ("the Club"), located at 6130 Passyunk Avenue, Philadelphia, PA 19148.

12. Defendant has owned and operated the Club for the past three years.

13. On its website, the Club purports to be "Philadelphia's most exclusive multi-million dollar gentlemen's club."

14. During the past three years, at least 100 women have worked at the Club, performing activities such as, for example, on-stage exotic dancing and "personal couch dances"

with Club customers.  These individuals will be referred to as "dancers."

15.     The work performed by the dancers is integral to Defendant's business.  Indeed, the Defendant's advertisements emphasize the Club's "beautiful" dancers and the entertainment they provide to Club customers.

16.     Aspiring dancers can apply for a job by visiting the Club's website page headed "**EMPLOYMENT**" (emphasis in original) and completing a simple job application.

17.     The dancer position requires no specialized skill, training, or education.

18.     The dancer position requires no significant investment of money or equipment by the dancers beyond the purchase and maintenance of performance outfits.

19.     Plaintiff worked at the Club as a dancer until approximately early-April 2017.

20.     Defendant does not pay any wages to Plaintiff or other dancers.

21.     Defendant has never attempted to utilize the FLSA/PMWA's "tip credit" provisions, which would require Defendant to directly pay dancers wages of at least $2.13/hour under the FLSA and at least $2.83 under the PMWA.  *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).  Moreover, because Defendant never actually utilized the FLSA/PMWA's "tip credit" provisions, it made no attempt to notify Plaintiff or other dancers that they were covered by such provisions.

22.     Plaintiff and other dancers receive all of their earnings directly from the Club's customers.  These customer payments do not constitute wages under the FLSA or PMWA. See, e.g., Verma v. 3001 Castor, Inc., 2016 U.S. Dist. LEXIS 164026, *15-17, 26-28 (E.D. Pa. June 30, 2014).  Moreover, these customer payments are not included in the Club's gross receipts.

23.     At the Club, Defendant unilaterally determines and controls the work and earning opportunities of Plaintiff and other dancers.  For example, Defendant has fixed the charge for a

"personal couch dance" at $20 and has fixed the charge for a "15-Minute Champaign Court" dance at $150.

24. Defendant requires Plaintiff and other dancers to follow strict work rules. For example, Defendant determines the order in which dancers must appear on stage. Once on stage, dancers cannot select their own dance music and must have their tops off by the second song.

25. Defendant subjects Plaintiff and other dancers to pay deductions. For example, dancers: (i) must pay Defendant $100 if they miss their "stage rotation;" (ii) must pay "Minimum Rent" of between $61 and $151 per shift; (iii) must pay $5 for every "Private Couch Dance;" (iv) must pay $50 for every "15-Minute Champagne Court" dance; (v) must pay $75 for every "30-Minute Champagne Court" dance; and (vi) must pay $100 for every "VIP Court" dance.

26. Defendant, upon information and belief, has neither sought nor obtained the approval of the Pennsylvania Department of Labor and Industry for any of the pay deductions charged to Plaintiff and other dancers.

## COLLECTIVE AND CLASS ALLEGATIONS

27. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of herself and all individuals who, during any time within the past three years, worked at the Club as dancers.

28. Plaintiff's FLSA claim should proceed as a collective action because she and other dancers, having worked pursuant to the common compensation and deduction practices summarized herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

29. Plaintiff brings her PMWA and PWPCL claims pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any time within the past three years,

worked at the Club as dancers.

30. The class, upon information and belief, includes at least 100 individuals, all of whom are readily ascertainable based on Defendant's standard business records, and, as such, is so numerous that joinder of all class members is impracticable.

31. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

32. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

33. Questions of law and fact are common to all class members, since, <u>inter alia</u>, this action concerns the legality of Defendant's standardized compensation and deduction practices summarized herein.

34. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging Violations of the FLSA)**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA entitles employees to a minimum hourly wage of $7.25.

37. As statutory employees, Plaintiff and other dancers were entitled to this minimum hourly wage.

38. By failing to pay any wages to Plaintiff and other dancers, Defendant has acted

willfully and with reckless disregard of the FLSA.

## COUNT II
### (Alleging Violations of the PMWA)

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The PMWA entitles employees to a minimum hourly wage of $7.25.

41. As statutory employees, Plaintiff and other dancers were entitled to this minimum hourly wage.

42. By failing to pay any wages to Plaintiff and other dancers, Defendant violated the PMWA.

## COUNT III
### (Alleging Violations of the PWPCL)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The PWPCL prohibits pay deductions except for those explicitly permitted by law or regulation, none of which apply to this lawsuit. *See* 43 P.S. § 260.3; 34 Pa. Code § 9.1.

45. Defendant violated the PWPCL by imposing impermissible pay deductions on Plaintiff and other dancers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

   A. Unpaid minimum wages of $7.25 for every worked;

   B. Reimbursement of all improper pay deductions;

   C. Prejudgment interest;

   D. Liquidated damages to the fullest extent permitted under the FLSA and PWPCL;

   E. Litigation costs, expenses, and attorneys' fees; and

  F. Such other and further relief as this Court deems just and proper.

Date:  April 25, 2017

*signature*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Attorneys for Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Name (Please Print Clearly)

Nafessa Hill